**PETYAK, Plaintiff-Appellant, v. PETYAK et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3244.   Decided March 24, 1949.

John A. Willo, Youngstown, for plaintiff-appellant.

P. J. Melillo, Youngstown, for defendants-appellees Steve Petyak and Veronica Petyak Hernandes.

James M. Modarelli, Youngstown, for defendant-appellee Milwaukee Mechanics Insurance Company.

## OPINION

By PHILLIPS, PJ.

Plaintiff appeals on questions of law and fact from a judgment of the Court of Common Pleas entered upon the finding of a judge thereof made in plaintiff's action filed therein "to declare a trust upon real estate, recovery of real estate, and equitable relief".

In the court of common pleas plaintiff sought to have that court declare that defendants Steve Petyak and Veronica Petyak Hernandes held real estate which he alleged was his in trust for him; to enjoin them from conveying, encumbering or otherwise disposing thereof; to order them to convey such real estate to him; and to have that court order the proceeds of a policy of insurance paid by defendant Milwaukee Insurance Company covering a fire loss thereon.

Plaintiff alleged that on or about September 3, 1936, he purchased, paid for, and has since occupied a "homestead" situated in Youngstown, Mahoning County, Ohio, title to which was taken in the name of defendants Steve Petyak and Veronica Petyak Hernandes, his son and daughter respectively, to avoid being harrassed by certain creditors, "whose exorbitant and unconscionable claims had been amassed during the depression, and to make said homestead safe and secure for his family", with the understanding that the named defendants were to hold such real estate in trust for him; that they have refused his request to convey such parcel of real estate to him; and that he has no adequate remedy at law to enforce his alleged rights.

By answer defendant Veronica Petyak Hernandes admitted that plaintiff is her father; that the premises involved in this case were damaged by fire "on or about January 22, 1948;" that defendant Milwaukee Mechanics Insurance Company issued to her and plaintiff a certain policy of insurance against such loss; denied each and every other fact stated, averment made, and allegation set forth in plaintiff's petition not therein admitted to be true; alleged that the proceeds of such policy covering such loss belong to her; that by false statements plaintiff has sought to induce the named defendant to pay such proceeds to him; that plaintiff's alleged claim "is not evidenced by any note or memorandum in writing made by this defendant or by anyone authorized by this defendant", and "is barred by the statute of limitations of the General Code of Ohio"; and that "the facts stated in plaintiff's petition do not constitute a cause of action."

Defendant Steve Petyak admitted in his answer the occurrence of the fire as alleged by plaintiff; denied that he and plaintiff "entered into a trust agreement at the time this property was purchased, or at any other time"; denied each and every fact stated, averment made and allegation set forth in plaintiff's petition not therein specifically admitted to be true; and alleged "that on September 2, 1936, he and his sister Veronica Petyak Hernandes purchased the property described in plaintiff's petition for a valuable consideration, with their own money, and that the plaintiff contributed nothing toward the purchase of said dwelling."

Though plaintiff appealed on questions of law and fact he filed seven assignments or error claiming that the trial judge erred to his prejudice "in the admission of evidence objected to by appellant; in the rejection of evidence offered by appellant"; and contends that "the finding, judgment and decree of said court are against the manifest weight of the

evidence", and "contrary to law"; in overruling appellant's motion for a new trial, and that "the finding, judgment and decree was given, entered, and made in favor of the appellee, when it should have been given, entered and made in favor of the appellant"; and that there are "other errors of law on the part of said court appearing on the face of the record".

This case was properly appealed to us on questions of law and fact, and accordingly will be treated by us as such. Regardless of the finding of the court of common pleas we will make our own finding from the evidence before us which is found in the transcript of the testimony and evidence introduced in the court of common pleas, submitted to us by agreement of counsel in open court as the evidence in the case, and in which they reserved all objections and exceptions shown therein.

On September 3, 1936, The Home Savings and Loan Company deeded the disputed parcel of real estate to Steve Petyak and Veronica Petyak for $750.00 upon receipt of a down payment of $150.00 and subsequent payments of $225.00, and a mortgage for the balance of $375.00 executed by them, and which has since been rented or occupied by plaintiff.

In 1943 the premises were partly destroyed by fire, and by agreement between plaintiff and the named defendants the proceeds of the policy of insurance covering such loss in the amount of $1693.70 was paid to plaintiff, and the premises thereafter repaired.

We learn from the journal entry filed in the court of common pleas, which is not disputed, that defendant Milwaukee Mechanics Insurance Company in open court, through its attorney, James M. Modarelli, Sr., consented and agreed to pay the sum of Ten Hundred Seventy Dollars ($1070.00), which is the amount of loss occasioned by fire to the disputed premises on January 22, 1948.

As stated on January 22, 1948, the premises were partially destroyed by fire, and plaintiff again sought to have defendants Petyak and Hernandes agree to have the proceeds of the policy of insurance paid to him, which until the time of trial they refused to do.

The evidence discloses that defendant Steve Petyak paid the down payment of $150.00, and his brother George Petyak the installment payments to the amount of $200.00.

Plaintiff, aged 76 years, of whom his counsel said in open court "I don't say he didn't get drunk now and then, but with the money he had he didn't get drunk very often", and of whom his daughter, defendant Veronica Hernandes, testified "had been going around with a young woman", which

was admitted as bearing upon his credibility, testified that he paid the payments on the mortgage to the amount of $375.00.

Veronica Petyak Hernandes testified that such payments on the mortgage were made by her brothers; that when she and Steve Petyak, who did not testify, accepted a deed to the property and executed the mortgage for the balance of the purchase price they "took it over for the purpose of making a home for your (her) father and mother"; and affirmatively answered the question of the trial judge "that was your only purpose, you didn't buy the house because you wanted to own a home, but you wanted to buy it for the purpose of seeing your father and mother had a home to live in, that is your position"; and that her father could live in it as long as he desired; and that she had no objection to having the proceeds of the policy of insurance applied to the repair of the premises.

The evidence is decidedly conflicting and contradictory, and in our opinion plaintiff has not shown us by the required degree of proof that he is entitled to have us engraft a trust upon the conveyance to Steve Petyak and Veronica Petyak Hernandes. The declaration of a trust must be contemporaneous with a deed.

Without further word this court finds as the court of common pleas found:—

"* * * that the plaintiff has failed to establish by clear and convincing evidence a trust in favor of plaintiff to the extent of an equitable ownership in fee in the premises described in plaintiff's petition.

"* * * that Steve Petyak and Veronica Petyak Hernandes are the owners in fee simple of the property described in plaintiff's petition having purchased said property on September 3, 1936, for the use and occupancy of Mike Petyak, their father for and during his natural life.

"* * * that on or about March 23, 1946, the defendant, Milwaukee Mechanics Insurance Company, issued to the defendants Steve Petyak and Veronica Petyak Hernandes, a policy of fire insurance bearing No. 2827 on the dwelling and garage situated on the land described in plaintiff's petition. That on or about January 22, 1948 a fire occurred in said building causing certain damage for which said insurance company in open court through their attorney, James M. Modarelli, Sr., consents and agrees to pay the sum of Ten Hundred Seventy Dollars ($1070.00) being the amount of the loss.

"* * * that the Milwaukee Mechancis Insurance Company should pay the sum of Ten Hundred Seventy Dollars ($1070.00)

representing the loss caused by fire to Steve Petyak and Veronica Petyak Hernandes and that they, Steve Petyak and Veronica Petyak Hernandes must repair the building that was damaged by fire with the money received from the insurance company to-wit: Ten Hundred Seventy Dollars ($1070.00)."

An entry drawn in accordance with this finding may be presented for the signatures of the members of this court.

NICHOLS, J, BUCKLEY, J, concur in judgment.